UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| RAHNAUN ANDRE WLKERSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 14-CV-97-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, *Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Rahnaun Andre Wilkerson is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution-Ashland located in Ashland, Kentucky. Proceeding without counsel, Wilkerson has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], challenging his 322-month federal sentence which he is currently serving. Wilkerson has paid the $5.00 filing fee. [D. E. No. 2]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §

2241 petitions under Rule 1(b)). The Court evaluates Wilkerson's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The Court also accepts his factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Wilkerson's petition because the claims which he asserts in it cannot be pursued under 28 U.S.C. § 2241.

## LITIGATION HISTORY

On December 2, 1999, Wilkerson pleaded guilty in a Virginia federal court to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). *See United States v. Rahnaun A. Wilkerson*, No. 1:99-CR-385-LMB-1 (E.D. Va. 1999). On February 11, 2000, Wilkerson received a 360-month prison sentence on the drug charge, and a consecutive 60 month prison sentence on the firearm charge, for a total sentence of 420 months. Wilkerson did not file a direct appeal of either his conviction or his sentence.

Wilkerson's 1999 criminal proceeding predated the advent of the federal judiciary's electronic database, which means that this Court cannot electronically access and view pleadings and orders in that criminal action which were filed prior

to February 22, 2008. This Court can, however, electronically access and view the entire docket sheet of Wilkerson's criminal proceeding. That docket sheet reveals that on April 5, 2001, Wilkerson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255;[1] that on the July 3, 2001, the district court entered an Order denying that motion, *see* D. E. No. 75, therein; and that on July 30, 2001, the Fourth Circuit Court of Appeals entered an order denying Wilkerson permission to file a second or successive § 2255 motion, *see* D. E. No. 76, therein. On December 21, 2001, the Fourth Circuit affirmed the district court's denial of both Wilkerson's § 2255 motion and another motion he had filed requesting a sentence reduction under Federal Rule of Criminal Procedure 35(b). *United States v. Wilkerson*, 22 F. App'x 301 (4th Cir. 2001).

Between February 2002 and July 2012, Wilkerson either filed or attempted to file in the district court a series of second or successive § 2255 motions challenging his conviction/and or his sentence. *See* motions, D. E. Nos. 80, 91, and 124, therein. The district court denied all of Wilkerson's motions, and the Fourth Circuit Court of Appeals repeatedly denied Wilkerson permission to file a second or successive § 2255 motion. *See* orders, D. E. Nos. 82, 90, 94, 96, 101, 102, and 126, therein.

---

[1] Wilkerson's § 2255 motion dated April 5, 2001, was also docketed as a civil action in the district court. *See Wilkerson v. United States*, No. 1:01-CV-527-LMB (E.D. Va. 2001). That that proceeding also predates the advent of the PACER online database, and for that reason electronic access to that civil proceeding is also unavailable.

3

In July 2003, while he was confined in a BOP facility located in Minersville, Pennsylvania, Wilkerson filed a prior § 2241 petition in a Pennsylvania federal court, in which he collaterally challenged his conviction and sentence based on the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).[2] *See Wilkerson v. Warden John Nash*, No. 3:03-CV-01195 (E.D. Pa. 2003) [D. E. No. 1, therein] On September 17, 20013, the Pennsylvania district court entered a Memorandum and Order [D. E. No. 10, therein], adopting the Magistrate Judge's Report and Recommendation ("R & R") to deny Wilkerson's § 2241 petition. In the R & R, the Magistrate Judge had concluded that: (1) *Apprendi* did not apply retroactively to cases on collateral review and therefore was of no assistance to Wilkerson, and (2) Wilkerson could not assert his claims under 28 U.S.C. § 2241, because his remedy under 28 U.S.C. § 2255 (in the district court where was sentenced) had been in fact an adequate and ineffective means of challenging both his conviction and his sentence. *See* D. E. No. 6, therein.

On September 2, 2008, the district court in Virginia reduced Wilkerson's sentence to 253 months pursuant to the provisions of 18 U.S.C. § 3582. *See United States v. Rahnaun A. Wilkerson*, No. 1:99-CR-385-LMB-1 [D. E. No. 114,

---

[2] *Apprendi* articulated a distinction between "elements" of an offense, which the constitutional guarantee of the right to a trial by jury requires to be found by a jury beyond a reasonable doubt, and "sentencing factors," which could be found by a judge on a preponderance standard. *Id.* at 485–86, 120 S.Ct. 2348. Other than prior convictions, *Apprendi* held, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348.

4

therein]. On July 3, 2012, that court further reduced Wilkerson's sentence to 322 months pursuant to § 3582. *See* D. E. No. 123, therein.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Wilkerson alleges that the district court improperly enhanced his sentence based on its conclusion that he had obstructed justice by fleeing the scene of a drug transaction. Wilkerson alleges that in calculating his sentence, the district court improperly deviated from the United States Sentencing Guidelines ("USSG") and imposed a higher sentence than what was warranted under the USSG. Wilkerson further alleges, "…there is no crime for obstruction of justice per se," *see* R.1-1, therein (underlining in original). Wilkerson contends that his sentence violates his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution because it was enhanced based on conduct that was *not* charged in the indictment and proven beyond a reasonable doubt. Wilkerson asserts that the "obstruction of justice" factor should not have impacted or increased his sentence imposed on the drug and firearm offenses.

Wilkerson does not cite the case, but his claim that his sentence was increased because of conduct not charged in the indictment necessarily implicates the June 2013 decision of the United States Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact

5

that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Wilkerson asks this Court to vacate his sentence to the extent that it was improperly enhanced under the "obstruction of justice" factor. *See* R. 1-1, p. 5.

## DISCUSSION

Wilkerson is not challenging the execution of his sentence, such as the BOP's computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Wilkerson challenges the constitutionality of his now reduced 322-month sentence. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision

is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a basic defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In his § 2241 petition, Wilkerson merely challenges the length of his federal sentence imposed for drug and firearm violations, claiming that the district court improperly enhanced it based on his alleged obstruction of justice activity. Wilkerson's challenge on this issue is procedurally flawed because he cannot use a § 2241 proceeding as a means of challenging the length of his sentence where he had a prior remedy, under 28 U.S.C. § 2255, through which he could have asserted that very claim. Wilkerson could have asserted his current challenge to his enhanced sentence in a timely §2255 motion, *i.e.*, a § 2255 motion that was filed

within one year of the date on which his criminal conviction became final.[3] At sentencing in February 2000, Wilkerson either was, or should have been, aware of all of the facts supporting his current argument that his sentence was improperly enhanced because of the judicial finding that he obstructed justice.

It appears from the docket sheet of Wilkerson's criminal proceeding that his first § 2255 motion (filed on April 5, 2001) might have been time-barred, but the Court cannot conclude that as fact because it does not have access to the order denying Wilkerson's first § 2255 motion. But regardless of the reason for denying Wilkerson's first § 2255 motion, the district court did in fact deny it, and *Charles* counsels the remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758.

Further, the fact that Wilkerson was denied permission to file subsequent or successive § 2255 motions does not mean that his remedy under § 2255 was an inadequate means of challenging his sentence. *See Lucas v. Berkebile*, No. 7:11-CV-28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241

---

[3] Wilkerson's guilty plea may have prevented him from filing a direct appeal of his *conviction*, but he likely could have filed a direct appeal of his *sentence* to the extent that he believed it was improperly enhanced or increased.

8

is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255."). Wilkerson has therefore not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention on his drug and firearm convictions.

Further, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Wilkerson has cited no rule of law which the Supreme Court made retroactive after he was sentenced on February 22, 2000. Wilkerson now argues that he had a constitutional right to have all elements used to increase his penalty

charged in the indictment and proven beyond a reasonable doubt to the jury, and if he were currently arguing that particular sentencing issue on direct appeal of his sentence, he could invoke *Alleyne* as support for his argument. Wilkerson, however, asserts this particular sentencing claim in a § 2241 petition, which is merely a *collateral* challenge to his sentence, and unfortunately for Wilkerson, the Sixth Circuit Court of Appeals has recently joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, ---F.3d---, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

Further, Wilkerson does not allege that he is actually innocent of the underlying drug and firearm offenses of which he was convicted; he contends only that the district court improperly enhanced his sentence in violation of the USSG and in violation of his due process rights. Even assuming that the district court improperly calculated the term of Wilkerson's drug and firearm sentence at any

stage of the proceeding, the savings clause may only be applied when the petitioner makes a claim of actual innocence. Claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"). Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their *sentences*. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

In summary, Wilkerson has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a valid claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny Wilkerson's habeas petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

11

1. Rahnaun Andre Wilkerson's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This July 21, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge